

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-5-2001

# Pryer v. Slavic

Precedential or Non-Precedential:

Docket 00-3297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Pryer v. Slavic" (2001). *2001 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNREPORTED    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-3297
_____

RAYMOND T. PRYER

v.

C.O. 3 SLAVIC; C.O. 1 COOK; C.O. 1 D. BURSEY,

Appellants
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 92-1461)
District Judge: Honorable Gary L. Lancaster
_____

Argued
October 26, 2000
Before: MANSMANN, ALITO, and FUENTES, Circuit Judges.

_____

ORDER AMENDING OPINION
_____

The opinion filed on May 30, 2001 is amended as follows:
Page 18, line 2   delete the word "effectively";
Page 18, insert the following paragraphs before the paragraph beginning
"Rather than reversing . . . .

The majority seeks to justify its departure from our
established standard of review, and its consequent substitution
of its discretion for that of the trial judge, by invoking two
purported exceptions: First, the majority asserts that no
deference is due "where a trial court fails to explain its
grounds for exercising discretion, and its reasons for doing so
are not otherwise apparent from the record".  Supra at 7 n.4.
However, the District Court's reasons for limiting the second
trial to damages are made abundantly clear in its opinion: As
the Court explained, "a new trial is appropriate on the issue of
damages because the court failed to properly instruct the jury
on damages" (by, inter alia, giving an unwarranted nominal
damages instruction), and because the resulting nominal

damages award was against the weight of the evidence. Implicit in the Court's recital of errors in the damages instructions and award was its recognition that there was no error in the liability instructions or verdict. Ordinarily, the presence of error limited to a single issue should be considered reason enough to limit retrial to that issue. Although the majority may consider the stated reasons insufficient, it cannot fairly be said that the trial Court "articulated no rationale".

Second, the majority asserts that the District Court's grant of a partial retrial "turns on the application of a legal precept to the evidence". Supra at 7 n.4. The majority does not identify what "legal precept" it deems controlling. The due process and fairness concerns set forth in Gasoline Products clearly speaks to discretion, and we (and other courts) have always considered its application to be an exercise of discretion, rather than a legal determination. The majority's cryptic invocation of the "legal precept" exception, without identifying a controlling question of law, threatens to eviscerate the abuse of discretion standard: potentially, every exercise of discretion may be subjected to plenary review at the whim of the reviewing court by pointing out that some "legal precept" is somehow involved. By substituting its judgment for that of the District Court (in which the discretion is intended to be reposed) on the basis of such ill-considered, amorphous exceptions, the majority has fundamentally altered our standard of review, effectively overruling sub silentio our decisions in Vizzini and Stanton.

Page 19, line 2   delete "finding an abuse of discretion by" and substitute "overriding"

Page 19, line 3   after Court add "'s discretion"

IT IS HEREBY ORDERED


                                        /s/ Carol Los Mansmann
                                        Circuit Judge

Dated:    June 5, 2001